# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARCIE MURRAY** | ] | |
| **Petitioner,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:15-0343** |
| | ] | **Senior Judge Nixon** |
| **TRINITY MINTER, Warden** | ] | |
| **Respondent.** | ] | |

# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Mark Luttrell Correctional Complex in Memphis, Tennessee. She brings this action pursuant to 28 U.S.C. § 2254 against Trinity Minter, Warden of the facility, seeking a writ of habeas corpus.

## I. Background

On August 2, 1995, a jury in Davidson County found the petitioner guilty of first degree murder and conspiracy to commit first degree murder. Docket Entry No. 38-2 at pg. 106. For these crimes, she received consecutive sentences of life imprisonment plus twenty (20) years, respectively. *Id.* at pg. 118.

On direct appeal, the convictions and sentences were affirmed by the Tennessee Court of Criminal Appeals. Docket Entry No. 38-22. The Tennessee Supreme Court later denied petitioner's application for additional review. Docket Entry No. 38-23.

In May, 2000, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Davidson County. Docket Entry No. 38-24 at pgs. 3-28. Following the appointment of

1

counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs. 36-40. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 38-30.

The petitioner then filed a *pro se* petition for state habeas corpus relief. Docket Entry No. 38-31 at pgs. 3-5. In December, 2005, the trial court summarily denied the state habeas corpus petition. *Id.* at pgs. 23-34. This ruling was affirmed on appeal by the Tennessee Court of Criminal Appeals. Docket Entry No. 38-33. After that, the Tennessee Supreme Court once again rejected petitioner's application for further review. Docket Entry No. 38-36.

On May 8, 2007, the petitioner filed his second state habeas corpus petition. Docket Entry No. 38-37 at pgs. 8-28. Less than a week later, the trial court summarily denied the petition. *Id.* at pgs. 52-55. The denial was affirmed on appeal. Docket Entry No. 38-41. In December, 2008, for the third time, the Tennessee Supreme Court refused to grant additional review of the ruling. Docket Entry No. 38-44.

## II. Procedural History

On July 8, 2014, the petitioner initiated the instant action with the filing of a petition (Docket Entry No. 1) for federal habeas corpus relief. The petition was originally filed in the Western District of Tennessee but was transferred to this judicial district by an order (Docket Entry No. 6) entered December 23, 2014.

In the petition, the petitioner raises four claims for relief. These claims include :

1)      the ineffectiveness of trial counsel;

2)      the ineffectiveness of post-conviction counsel
            a) failure to raise trial counsel's
               ineffectiveness as an issue, and
            b) failure to adequately prepare for an

evidentiary hearing;

3)      petitioner's twenty year sentence was imposed in
violation of <u>Blakely v. Washington</u>, 124 S.Ct. 2531
(2004).

Upon preliminary review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 8) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No. 39), to which the petitioner has offered no Reply. Upon consideration of the petition and respondent's Motion to Dismiss, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Legal Analysis

In the Motion to Dismiss, the respondent argues that this action is time-barred. A state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file her petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[1]

The petitioner was found guilty on August 2, 1995. Docket Entry No. 38-2 at pg. 106. The direct appeal of petitioner's conviction was concluded on June 28, 1999, the date that the Tennessee Supreme Court denied her application for additional review for the first time. Docket Entry No. 38-

---

[1]  28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

23. The time for seeking direct review, however, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6ᵗʰ Cir. 2000). As a consequence, the petitioner's conviction became final for timeliness purposes ninety days later, or on September 26, 1999. Accordingly, the petitioner had one year from this date, or until September 26, 2000, in which to initiate the instant action.

After two hundred forty three (243) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief. The filing of that petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On February 18, 2004, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 38-30. The petitioner failed to apply for further post-conviction relief from the Tennessee Supreme Court. As a result, her post-conviction proceedings concluded thirty (30) days later, on March 19, 2004. Rule 4(a), Tenn. R. App. P.

When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6ᵗʰ Cir. 2006). Therefore, having already expended two hundred forty three (243) days of the limitation period, the petitioner was left with one hundred twenty two (122) days, or until July 19, 2004, in which to initiate the instant action.

The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on July 8, 2014, almost ten years after the limitation period had expired. As a consequence, this action is

untimely.[2]

The limitation period, however, does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Holland v. Florida, 130 S.Ct. 2549 (2010); Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, though, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that she is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance has stood in her way and prevented the timely filing of the petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The petitioner mentions the decisions in Martinez v. Ryan, 132 S.Ct. 1309 (2012), Trevino v. Thaler, 133 S.Ct. 1911 (2013) and Sutton v. Carpenter, 745 F.3d 787 (6th Cir. 2014) as justification for the late filing. Docket Entry No. 1 at pg. 23. There has been no showing, though, that these decisions can be retroactively applied in this case. In any event, the petitioner has failed to explain why she did not file this action earlier, even though Martinez and Trevino were decided at least a full year prior to the filing of this action. It does not appear, therefore, that equitable tolling of the limitation period would be appropriate in this instance.

---

[2] The petitioner filed two state habeas corpus petitions, the earlier being filed on August 30, 2005. Docket Entry No. 38-31 at pgs. 3-5. Because these actions were filed beyond the expiration of the limitation period, they had no tolling effect on the limitation period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

### IV. Conclusion

Having carefully reviewed the pleadings and the record, the Court finds that the respondent's Motion to Dismiss (Docket Entry No. 39) the petition has merit. Therefore, said motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

John T. Nixon
Senior District Judge